UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| COASTAL SUNBELT PRODUCE, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. _____ |
| SUNNY DELL SPECIALTY, LLC, GARY F. CALIGIURI, an individual, LORI M. CALIGIURI, an individual, JOSEPH MUSANTI, an individual, and JOSHUA G. VOGEL, an individual, | : | |
| Defendants. | : | |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, Coastal Sunbelt Produce, LLC ("Plaintiff" or "Coastal Sunbelt"), through its undersigned counsel, by way of Complaint against Defendants, Sunny Dell Specialty, LLC ("Sunny Dell"), Gary F. Caligiuri ("G. Caligiuri"), Lori M. Caligiuri ("L Caligiuri"), Joseph Musanti ("Musanti"), and Joshua G. Vogel ("Vogel"), states and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this action under Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"), 7 U.S.C. § 499(e)(b), and 28 U.S.C. § 1331 and § 1332.  Personal jurisdiction exists over Defendants Sunny Dell, G. Caligiuri, L. Caligiuri, and Vogel, as they are headquartered and/or reside in this district and transact business herein.  Personal jurisdiction exists over Defendant Musanti in this district as he transacts business herein and has

- 1 -

sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

2.    Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff's claims arose in this District.

## PARTIES

3.    Plaintiff Coastal Sunbelt is a Maryland limited liability company with its office and principal place of business at 9001 Whiskey Bottom Road, Laurel, Maryland 20723, and is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce and licensed as a dealer under PACA.

4.    At all times relevant hereto, Sunny Dell was and is a Delaware limited liability company registered to do business in Pennsylvania with a principal place of business located at 135 N. 5th Street, Oxford, Pennsylvania 19363 that was engaged in the business of buying wholesale quantities of Produce in interstate commerce for use in manufacturing natural, non-GMO, and organic culinary products for sale to retailers, and that was operating subject to license as a dealer under PACA.  Upon information and belief, Sunny Dell's predecessor entity was Sunny Dell Foods, Inc., which re-branded in or about December 2021 to Defendant Sunny Dell.

5.    On March 11, 2026, Sunny Dell purchased 5,000.00 pounds of diced onions from Plaintiff, well in excess of the 2,000 pound definition of "wholesale quantities" requirement for PACA to apply to a purchaser pursuant to 7 C.F.R. 46.2(x).

6.    At all times relevant hereto, G.. Caligiuri was a dealer and commission merchant under PACA and a founder, owner, officer and/or director of Sunny Dell who was in a position of control over the PACA trust assets belonging to Plaintiff.    Upon information and belief, G. Caligiuri resides at 27 Penns Greene Drive, #17, West Grove, Pennsylvania 19390-9174.

7.      At all times relevant hereto, L. Caligiuri was a dealer and commission merchant under PACA and a founder, owner, officer and/or director of Sunny Dell who was in a position of control over the PACA trust assets belonging to Plaintiff.   Upon information and belief, L. Caligiuri resides at 27 Penns Greene Drive, #17, West Grove, Pennsylvania 19390-9174.

8.      At all times relevant hereto, Musanti was a dealer and commission merchant under PACA and an officer and/or director of Sunny Dell who was in a position of control over the PACA trust assets belonging to Plaintiff.   Upon information and belief, Musanti resides at 605 Watchung Road, Bound Brook, New Jersey 08805-1745.

9.      At all times relevant hereto, Vogel was a dealer and commission merchant under PACA and an officer and/or director of Sunny Dell who was in a position of control over the PACA trust assets belonging to Plaintiff.   Upon information and belief, Vogel resides at 275 Township Road, Lincoln University, Pennsylvania 19352-1710.

## ALLEGATIONS COMMON TO ALL COUNTS

10.     This action is brought to enforce the trust provisions of the PACA, 7 U.S.C. § 499e(c).

11.     Between March 11, 2026 and May 8, 2026, Plaintiff Coastal Sunbelt sold and delivered, in interstate commerce, wholesale amounts of Produce worth the principal amount of $114,857.00, to Defendant Sunny Dell, which Defendant Sunny Dell accepted, and all of which remains unpaid.

12.     At the time Defendant Sunny Dell received and accepted the Produce, Plaintiff became a beneficiary in a statutory trust under PACA ("PACA Trust"), which is designed to assure payment to produce suppliers and which consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants, as well as all sums owed in connection with the Produce transactions.

13. Plaintiff timely preserved its interest in the PACA Trust in the principal amount of $114,857.00 by delivering to Defendant Sunny Dell invoices or other billing statements containing the requisite statutory language of notice of intent to preserve trust rights and remains a beneficiary thereof until full payment is made for the Produce and sums owed in connection with the Produce transactions.

14. Defendants have not disputed the debt owed to Plaintiff in any way but despite demands for payment, have failed to pay in full for the Produce sold by Plaintiff when payment was due, and presently owe Plaintiff the principal amount of $114,857.00 all of which is subject to and owed under the PACA Trust.

15. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Produce.

16. Sunny Dell is a trustee of the PACA Trust it is required to hold for the benefit of Plaintiff.

17. Defendants G. Caligiuri, L. Caligiuri, Musanti, and Vogel owe fiduciary obligations to Plaintiff by virtue of their respective roles at Sunny Dell and exercise of control over the assets and operations of Sunny Dell.

18. Pursuant to PACA, Defendants Sunny Dell, G. Caligiuri, L. Caligiuri, Musanti, and Vogel are required to maintain the PACA Trust so that the assets are freely available to pay their produce suppliers and to make full payment promptly.

19. The failure to pay Plaintiff by Defendants demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## COUNT ONE
### (Injunctive Relief – All Defendants)

20. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Defendants' failure to make payment to Plaintiff of trust funds in the principal amount

of $114,857.00 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

22.    Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties.

WHEREFORE, Plaintiff demands preliminary and permanent injunctions enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties.

## COUNT TWO
### (Failure to Pay Trust Funds – All Defendants)

23.    Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.    Defendants' continuing failure and refusal to pay Plaintiff the PACA Trust funds due in the principal amount of $114,857.00 violates PACA and PACA regulations.

25.    As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, enforcing payment from the PACA Trust by ordering those Defendants to pay Plaintiff the principal amount of $114,857.00, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT THREE
### (Failure to Pay Promptly- Sunny Dell)

26.    Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.    Defendant Sunny Dell received and accepted each of the loads of Produce described above.

28.     The PACA requires Defendant Sunny Dell to tender full payment promptly to its unpaid suppliers of Produce.

29.     Defendant Sunny Dell failed to pay for the Produce supplied by Plaintiff within the payment terms.

30.     As a result of Defendant Sunny Dell's failure to pay promptly, Plaintiff has incurred damages in the principal amount of $114,857.00 for the unpaid produce involved in the Produce transactions.

WHEREFORE, Plaintiff demands judgment against Defendant Sunny Dell and enforcement of the PACA trust by ordering Defendant Sunny Dell to pay Plaintiff the principal amount of $114,857.00 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FOUR
### (Breach of Contract -- Failure to Pay For Goods Sold –Sunny Dell)

31.     Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Defendant Sunny Dell's continuing failure and refusal to pay Plaintiff the full balance due and owing for the Produce received and accepted by this Defendant constitutes a material breach of the contracts between Plaintiff and Defendant Sunny Dell.

33.     Plaintiff fully performed all conditions precedent to the contracts with Defendant Sunny Dell.

34.     As a direct and proximate result of Defendant Sunny Dell's continuing material breaches of contracts, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendant Sunny Dell for damages in the principal amount of $114,857.00, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

**COUNT FIVE**
**(Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by**
**a Corporate Official – Gary F. Caligiuri)**

35.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36.     Defendant G. Caligiuri is and was a founder, owner, officer, and/or director of Sunny Dell who operated Sunny Dell during the period of time in question and prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

37.     As a founder, owner, officer, and/or director of Sunny Dell, G. Caligiuri knew of and had full responsibility for Sunny Dell's operations and financial dealings.

38.     As an owner officer, and/or director of Sunny Dell, G. Caligiuri had a fiduciary duty to ensure that Sunny Dell fulfilled its obligations and duties as a PACA trustee.

39.     Sunny Dell breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA trust assets to pay all PACA trust claims when they became due.

40.     G. Caligiuri breached his fiduciary duties by failing to direct and ensure Sunny Dell fulfilled its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce supplied.

41.     G. Caligiuri knew or should have known that Sunny Dell was in breach of the PACA trust.

42.     G. Caligiuri's failure to direct Sunny Dell to maintain the PACA trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a corporate official.

43.     Defendant G. Caligiuri participated in the breach of fiduciary duty owed to Plaintiff by Sunny Dell.

44.     As a result of G. Caligiuri's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the Sunny Dell trust and incurred damages in the principal amount of $114,857.00, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff requests judgment against Defendant, Gary F. Caligiuri, in favor of Plaintiff, in the principal amount of $114,857.00, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SIX
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Corporate Official – Lori M. Caligiuri)

45.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 44 above as if fully set forth herein.

46.     Defendant L. Caligiuri is and was a founder, owner, officer, and/or director of Sunny Dell who operated Sunny Dell during the period of time in question and prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

47.     As a founder, owner, officer, and/or director of Sunny Dell, L. Caligiuri knew of and had full responsibility for Sunny Dell's operations and financial dealings.

48.     As an owner officer, and/or director of Sunny Dell, L. Caligiuri had a fiduciary duty to ensure that Sunny Dell fulfilled its obligations and duties as a PACA trustee.

49.     Sunny Dell breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA trust assets to pay all PACA trust claims when they became due.

50.     L. Caligiuri breached her fiduciary duties by failing to direct and ensure Sunny Dell fulfilled its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce supplied.

51.     L. Caligiuri knew or should have known that Sunny Dell was in breach of the PACA trust.

52.     L. Caligiuri's failure to direct Sunny Dell to maintain the PACA trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a corporate official.

53.     Defendant L. Caligiuri participated in the breach of fiduciary duty owed to Plaintiff by Sunny Dell.

54.     As a result of L. Caligiuri's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the Sunny Dell trust and incurred damages in the principal amount of $114,857.00, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff requests judgment against Defendant, Lori M. Caligiuri, in favor of Plaintiff, in the principal amount of $114,857.00, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SEVEN
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Corporate Official – Joseph Musanti)

55.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 54 above as if fully set forth herein.

56.     Defendant Musanti is and was an officer, and/or director of Sunny Dell who operated Sunny Dell during the period of time in question and prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

57.     As an officer, and/or director of Sunny Dell, Musanti knew of and had full responsibility for Sunny Dell's operations and financial dealings.

58.     As an owner officer, and/or director of Sunny Dell, Musanti had a fiduciary duty to ensure that Sunny Dell fulfilled its obligations and duties as a PACA trustee.

59. Sunny Dell breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA trust assets to pay all PACA trust claims when they became due.

60. Musanti breached his fiduciary duties by failing to direct and ensure Sunny Dell fulfilled its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce supplied.

61. Musanti knew or should have known that Sunny Dell was in breach of the PACA trust.

62. Musanti's failure to direct Sunny Dell to maintain the PACA trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a corporate official.

63. Defendant Musanti participated in the breach of fiduciary duty owed to Plaintiff by Sunny Dell.

64. As a result of Musanti's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the Sunny Dell trust and incurred damages in the principal amount of $114,857.00, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff requests judgment against Defendant, Joseph Musanti, in favor of Plaintiff, in the principal amount of $114,857.00, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT EIGHT
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Corporate Official – Joshua G. Vogel)

65. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 64 above as if fully set forth herein.

66. Defendant Vogel is and was an officer and/or director of Sunny Dell who operated Sunny Dell during the period of time in question and prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

- 10 -

67.     As an officer and/or director of Sunny Dell, Vogel knew of and had full responsibility for Sunny Dell's operations and financial dealings.

68.     As an officer and/or director of Sunny Dell, Vogel had a fiduciary duty to ensure that Sunny Dell fulfilled its obligations and duties as a PACA trustee.

69.     Sunny Dell breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA trust assets to pay all PACA trust claims when they became due.

70.     Vogel breached his fiduciary duties by failing to direct and ensure Sunny Dell fulfilled its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce supplied.

71.     Vogel knew or should have known that Sunny Dell was in breach of the PACA trust.

72.     Vogel's failure to direct Sunny Dell to maintain the PACA trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a corporate official.

73.     Defendant Vogel participated in the breach of fiduciary duty owed to Plaintiff by Sunny Dell.

74.     As a result of Vogel's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the Sunny Dell trust and incurred damages in the principal amount of $114,857.00, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff requests judgment against Defendant, Joshua G. Vogel, in favor of Plaintiff, in the principal amount of $114,857.00, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT NINE
**(Interest and Attorneys' Fees – All Defendants)**

75.     Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76.     The PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.

77.     As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, and/or to disgorge trust assets wrongfully received and/or retained, Plaintiff has lost the use of said money.

78.     As a further result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, and/or to disgorge trust assets wrongfully received and retained, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under the PACA and the unpaid invoices of Assignors.

WHEREFORE, Plaintiff requests judgment against the Defendants, jointly and severally, for prejudgment interest, costs, and attorneys' fees.

Dated this 4th day of August, 2026.                    Respectfully submitted,

McCARRON & DIESS

By:     /s/ Mary Jean Fassett
        Mary Jean Fassett, PA Bar #314958
        Validated Signature Code: MJF8878
        4530 Wisconsin Avenue, NW, Suite 301
        Washington, DC 20016
        Tel. 202-364-0400
        Fax 202-364-2731
        mjf@mccarronlaw.com

        *Counsel for Plaintiff*